﻿Citation Nr: AXXXXXXXX
Decision Date: 02/25/19 Archive Date: 02/25/19

DOCKET NO. 181029-736
DATE: February 25, 2019

ORDER

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) is granted.

Entitlement to total disability rating based on individual unemployability (TDIU) is denied.

FINDINGS OF FACT

1. The Veteran has a current diagnosis of PTSD according to DSM-V criteria, which was incurred as a result of an in-service stressor. 

2. The Veteran's service-connected disabilities do not render him unable to secure and follow a substantially gainful occupation, considering his educational and occupational history.

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) have been met. 38 U.S.C. §§ 1113, 5107(b) (2012); 38 C.F.R. §§ 3.303, 3.304(f) (2018).

2. The criteria for entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.340, 3.341, 4.15, 4.16, 4.19 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. 

The Veteran served on active duty in the U.S. Navy from July 1965 to June 1969. The Veteran selected the higher-level review lane when he submitted the RAMP election form. Accordingly, the July 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form, which was May 3, 2018. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Despite selecting this appeal lane, evidence was submitted in September 2018 and thereafter, which was during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. See Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, § 2(w)(1), 131 Stat. 1105, 1114 (2017). The Veteran may file a Supplemental Claim and submit or identify this evidence. See § 2(i)(1), 131 Stat. at 1109. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Service Connection

A Veteran is granted service connection where the evidence shows that an injury or disease that results in a current disability was incurred during service or was aggravated by service. 38 U.S.C. § 1131; 38 C.F.R. §3.303(a).

To be entitled to service connection, the evidence must support (1) a current disability; (2) an in-service injury or event; and (3) a nexus between the current disability and the in-service injury or event. 38 C.F.R. §3.303(a).

To establish service connection for PTSD, a Veteran must satisfy three evidentiary requirements. First, there must be medical evidence diagnosis the condition in accordance with 38 C.F.R. § 4.145(a) (i.e., the criteria in the Diagnostic and Statistical Manual for Mental Disorders (DSM)). Second, there must be credible supporting evidence that claimed in-service stressor occurred. Third, there must be a link, established by medical evidence, between the current PTSD symptoms and an in-service stressor. 38 C.F.R. § 3.304(f). 

When there is an approximate balance of positive and negative evidence regarding any material issues, the Secretary shall give the benefit of the doubt to the claimant. See Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

1. Service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder.

The Veteran contends that he has a current diagnosis of PTSD that is due to events he experienced while in service. Specifically, the Veteran states that he experienced an explosion on the ship he was on, USS Bigelow DD-942. The Veteran also claims sexual abuse and a near drowning incident while in service. 

Regarding a current diagnosis of PTSD or a psychiatric disorder according to the DSM criteria, there is competing medical evidence regarding a diagnosis for the Veteran. In an October 2015 private medical record, a number of mental disorder principal diagnoses were stated, including PTSD. The assessment procedure was based on a clinical interview by licensed psychologist. 

In a February 2016 VA treatment record, the doctor stated that the Veteran was exhibiting symptoms that were potentially consistent with a diagnosis of PTSD. However, the doctor opined that further diagnostic assessment utilizing structure interview measures would need to be necessary in order to confirm the diagnosis. 

In a June 2016 VA examination, the examiner noted that the Veteran’s symptoms did not meet the diagnostic criteria for PTSD under the DSM-V criteria or any mental disorder. The examiner opined that the Veteran’s previous diagnoses of PTSD, depression, and anxiety disorder were based on single evaluations where different diagnostic guidelines apply and appear to be based predominantly on his subjectively reported symptoms, with no objective assessment.

In April 2018, a private licensed psychologist examined the Veteran. Based on that examination, review of pertinent medical literature and diagnostic criteria under the DSM-V, and review of the Veteran’s claims file, it was his opinion that the Veteran has a diagnosis of PTSD as well as a secondary diagnosis of major depressive disorder. The doctor also reviewed the previous examinations and diagnoses of the Veteran, giving specific attention to the June 2016 VA examination. He disagreed with the June 2016 examiner’s opinion. The doctor states that he utilized CAPS, which is the gold standard assessment for PTSD. The doctor noted that he has conducted regular VA compensation and pension examinations. 

The medical opinions regarding current PTSD diagnosis are supported by well-reasoned rationale and review of the Veteran’s history. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). The Board finds the April 2018 private psychologist is qualified to render such a diagnosis. In addition, the preponderance of the evidence supports that the Veteran has been exhibiting symptoms associated with PTSD. Thus, the Board finds that the Veteran has a current diagnosis of PTSD in accordance with the DSM-V criteria.

Regarding an in-service stressor, the Veteran contends that he suffered a few stressors while in service. First, the Veteran details that in April 1967, an explosion happened on mount 52. He was sleeping at the time. The Veteran states that he was thrown from the bunk and knocked unconscious. He remembers seeing injured sailors, and states that at least one was killed from the explosion. The Veteran also states that he was sexually abused by a superior officer and experiences intimacy issues due to the abuse. Lastly, the Veteran describes an incident that happened in July 1965, when a wave struck and pulled him out of the rushing water. 

An in-service stressor requires credible supporting evidence that the in-service stressor occurred. An April 1967 deck log does detail an explosion that happened on mount 52 while aboard the USSS Bigelow DD-942, just as the Veteran describes. Injuries were reported as well due to the explosion. The Veteran’s DD 214 Form confirms he served on the USS Bigelow DD-942. The Board finds that this corroborates the Veteran’s account of the explosion and an in-service stressor is established.

The third element, the link between the Veteran’s symptoms and the in-service stressor, has to be established by medical evidence. The June 2016 VA examiner could not provide an opinion without mere speculation. The private psychologist in April 2018 provided a nexus between the Veteran’s symptoms and his in-service stressor, specifically the explosion. Based on the clinical interview, professional experience, and record review, it was his opinion that the Veteran’s traumatic stressor of the ship explosion was sufficient to cause his current PTSD. In fact, the doctor expressed that his opinions are within a high degree of certainty that the Veteran has been suffering from PTSD and secondary depression ever since his discharge from service. The Board finds this opinion to be highly credible than the June 2016 VA examiner’s opinion, which could not provide a nexus without speculation. The Board finds a medical nexus between the Veteran’s PTSD and the in-service stressor of the explosion

The Board finds that the criteria for service connection for the Veteran’s PTSD have been met and entitlement to service connection is warranted.

Total Disability Rating Based on Unemployability (TDIU)

A total disability rating for compensation purposes may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more service-connected disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16(a). 

Where these percentage requirements are not met, entitlement to benefits on an extraschedular basis may be considered when the Veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities, and consideration is given to the Veteran's background including his or her employment and educational history. 38 C.F.R. § 4.16(b). The Board does not have the authority to assign an extraschedular total disability rating for compensation purposes based on individual unemployability in the first instance. Bowling v. Principi, 15 Vet. App. 1 (2001). In determining whether unemployability exists, consideration may be given to the Veteran's level of education, special training, and previous work experience, but it may not be given to his or her age or to any impairment caused by non-service-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19.

For a Veteran to prevail on a claim for a TDIU, the sole fact that a veteran is unemployed or has difficulty obtaining employment is not enough. The question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether the veteran can find employment. Van Hoose v. Brown, 4 Vet. App. 361 (1993).

2. Entitlement to total disability rating based on individual unemployability (TDIU).

The Veteran filed a claim for increased compensation based on unemployability (VA 21-8940) in June 2014. In order for the Veteran to be eligible for consideration of a TDIU rating under 38 C.F.R. § 4.16(a), the Veteran’s disability rating must meet the certain schedular requirements. During the applicable appeal period, the Veteran was service-connected for diabetes mellitus, type 2, rated 20 percent disabling from November 28, 2012, and tinnitus, rated at 10 percent disabling from August 7, 2015. The Veteran does not meet the schedular criteria for a TDIU rating under 4.16(a) for the applicable appeal period. Nevertheless, the Board must consider whether the evidence otherwise warrants a referral to the Director of Compensation Service for consideration of a TDIU rating on an extraschedular basis under the provisions of 38 C.F.R. §4.16(b).

Turning now to the evidence of the record, on the June 2014 VA 21-8940, formal application for TDIU, the Veteran noted that he worked as a technician at two computer companies. He denied leaving his last job because of his disability. He also denied trying to obtain employment since becoming too disabled to work. The Veteran stated that he completed four years of college and attended computer school. On the February 2016 VA 21-8940, the Veteran claimed that he left his last job due to his disabilities, but still denied trying to obtain employment since becoming too disabled to work.

On a February 2015 VA examination, the Veteran’s diabetes did not require regulation of activities as part of medical management. It was noted that his diabetes did not impact his ability to work. 

Based on a direct review of the evidence considered by the AOJ, there is no showing that the Veteran’s diabetes mellitus and tinnitus precluded him from obtaining or retaining substantially gainful employment. The Veteran has stated multiple times that he has not tried to obtain employment since becoming retired. There is no showing that those disabilities functionally impact his ability to work, or that the Veteran’s service-connected disabilities are unusual or result in functional impairment outside of the norm. In an examination for PTSD conducted in June 2016, it was stated that the Veteran was laid off due to a massive down-sizing, not due to disability. The Veteran has completed four years of college and has had computer training to work as a technician. The evidence does not show preclusion of employment due to the Veteran’s educational level or past employment. 

Therefore, as the Veteran's service-connected disabilities do not render him unable to secure and follow a substantially gainful occupation consistent with his education and occupational history, the criteria for a TDIU rating, including referral for extraschedular consideration, are not met.

 

DEBORAH W. SINGLETON

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Syesa Middleton, Associate Counsel